UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. SHANNON, SR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00079-JMS-DML |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Mark A. Shannon for a writ of habeas corpus challenges Indiana prison disciplinary proceeding number IYC 14-07-0120. Mr. Shannon had been disciplined in July, 2014, for possessing a cellular telephone in prison. Two and a half years later Mr. Shannon brought this habeas corpus action to challenge the discipline. For the reasons explained in this Order, Mr. Shannon's habeas petition is **denied**.

    A.    Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied by the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Mr. Shannon's disciplinary conviction arose from an Indiana Department of Correction (IDOC) Internal Affairs investigation into cellular phones in prison facilities. When a cell phone was found in the possession of offender Brandon Hukle, investigators reviewed surveillance video recordings and telephone call logs. Internal Affairs Officer F. Vanihel conducted the investigation concerning Mr. Shannon and wrote the following conduct report on July 8, 2014:

> On June 27, 2014 I, F. Vanihel IA/CPO began an investigation pertaining to a confiscated cellular phone found to be possessed by offender Hukle, Brandon #246011. Through the course of the investigation I have determined through call logs, phone numbers, and video evidence that offender Shannon, Mark #219451 did use a cellular device while incarcerated in a penal Facility. This is a violation of the Adult Disciplinary Procedures and offender Shannon should be charged accordingly.

Dkt. 13-1.

Officer Vanihel also prepared a "report of investigation of incident", providing additional details about his findings:

> On June 27, 2014 I began to obtain/extract information from a confiscated cell phone that was found in the possession of offender Hukle, Brandon #246011. One of the phone numbers that was on the phone was (248)508-9257 which is the documented phone number of Linda Griffie on the offender information system under offender Shannon, Mark #219451 visiting list. The number can also be located on offender Shannon's phone list. I determined there was an out going call made on 6/27/14 at approximately 9:36 A.M. to the aforementioned phone number. I did review video footage of the area in which the phone was discovered and confiscated. During my review I clearly observe offender Shannon laying on H-3-3 L next to where offender Hukle is seated. This occurs at 9:36 A.M. and offender Shannon is attempting to conceal his actions while offender Hukle is clearly watching/observing the area. Offender Shannon jumps up quickly and hands offender Hukle something. This quick movement is due to the Unit Officer walking into the area. The Officer at this time orders offender Hukle to stand and he begins the search in which the cellular phone is discovered. I conducted an interview with offender Shannon concerning the phone number that was on the phone that was of his visitor. Offender Shannon stated that he hadn't used the phone but gave the number to Hukle. I concluded through the collection of evidence and video review that offender Shannon did use the cellular phone. Due to this a conduct report will be forwarded to the Disciplinary Hearing Board for review.

Dkt. 13-2.

Officials notified Mr. Shannon of the charge on July 10, 2014, when he received the screening report. He pleaded not guilty to the charge, and requested witnesses and evidence, including the investigative report. Dkt. 13-3. One of the requested witnesses, Officer Perkins, reported he had no direct knowledge of the incident. The other requested witness, offender Hukle, gave this statement:

> I, Brandon Hukle am friends with Mark Shannon. We hang out and talk to each other everyday. During one of our conversations, Mr. Shannon showed me some family photos. I asked him about a pretty young woman in one picture. He told me it was his daughter. I asked him if I could talk to her or if she had a boyfriend. He told me he wasn't sure if she was seeing someone or not but I could call her and see if we could talk or be pen-pals. On 6-27-14 I called her that morning around 9:30-9:40 am.

Dkt. 13-4.

A hearing was held on July 31, 2014. The hearing officer considered the staff reports, Mr. Shannon's statement, witness statements, and telephone logs and found Mr. Shannon guilty of possession of a cell phone. The sanctions imposed included the loss of earned-credit time and a demotion in credit earning class.

Mr. Shannon appealed to the Facility Head and the IDOC Final Reviewing Authority; both appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Shannon presents five grounds for relief. First, he contends that the disciplinary hearing officer failed to honor a judicial proceeding in Indiana state court concerning this incident. Second, he contends the disciplinary hearing officer failed to review conflicting evidence and statements. Specifically, Mr. Shannon contends that video surveillance reports were contradictory

and the hearing officer failed to take the inconsistencies into account. Third, Mr. Shannon contends the officer's conduct report was inconsistent with the officer's later statements. Fourth, the sanctions imposed exceeded the maximum allowed sanction, Mr. Shannon contends. Last, and fifth, Mr. Shannon contends the hearing officer failed to consider the exculpatory evidence he submitted. This evidence, Mr. Shannon contends, concerned offender Hukle's statement accepting responsibility for having the cell phone and exonerating Mr. Shannon.

These five grounds are somewhat duplicative and present only three grounds – whether the hearing officer was bound by a state court judicial action, whether there was sufficient evidence to support the hearing officer's decision, and whether the sanction was within the allowable range for the charged conduct. Mr. Shannon's second, third, and fifth grounds all concern the sufficiency of the evidence and are merged into one ground, discussed below.

### 1. State Court Proceeding

The state court judicial proceeding that Mr. Shannon references is one that he himself commenced in the Hendricks County (Indiana) Superior Court. As respondent points out, Mr. Shannon filed the action himself and sought injunctive relief, but the state court did not issue an injunction or grant any relief. At the time of Mr. Shannon's hearing, there was no state court order in effect. Notwithstanding the question of whether the state court had authority to intervene into the prison disciplinary action, there was no state court order for the disciplinary hearing officer to consider. This Court takes judicial notice pursuant to Fed. R. Evid. 201(b)(2) of the Hendricks County Superior Court case and the fact that no order had issued. This Court also takes notice that the case was dismissed, with no relief granted, on August 14, 2014.

Habeas corpus relief on ground one is **denied**.

### 2. Sufficiency of the Evidence

Mr. Shannon's three contentions to support his sufficiency of the evidence claim are that (a) the hearing officer failed to consider contradictory evidence, (b) the officer who wrote the conduct report made inconsistent statements, and (c) the owner of the cell phone took responsibility for it and exonerated Mr. Shannon. None of these contentions have merit.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Contradictory evidence does not by itself create an insufficiency of the evidence situation. Indeed, looking to only one side of the contradiction, there would be evidence that supports the hearing officer's decision. In this case, however, the evidence is not contradictory. Mr. Shannon points to differing reports of the video evidence, but these versions are not contradictory. They are merely different descriptions of the same event using different language and describing slightly different events. There remains evidence in both interpretations that Mr. Shannon used a cellular telephone as described in the conduct report.

Additionally, the disciplinary hearing officer's report indicated that he considered the evidence. If any of it was viewed as contradictory by him, it was his job – not the Court's – to

decide which evidence to believe and weigh all of the evidence before him. This Court does not reweigh the evidence. It only looks to see whether there was *some* evidence in the record to support the decision. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (the "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record").

The investigating officer's two reports – his conduct report and investigative report – are likewise not contradictory. One described in much more detail what he saw, and adding details to one report does not necessarily make the other report inconsistent. And, again, assuming arguendo that it did, it was the hearing officer's responsibility – not the Court's – to weigh the alleged inconsistency and make a decision.

Finally, offender Hukle's statement is not exculpatory for Mr. Shannon. He takes ownership of the phone and admits that he made a call to Mr. Shannon's listed phone number. That does not refute the video evidence that Mr. Shannon possessed the cellular phone. And, yet again, if it did it was for the hearing officer, not this Court, to weigh the competing evidence and decide the case. This Court's only function is to assess whether the hearing officer had some evidence to support his decision, and in this case he did.

Habeas corpus relief is **denied** on Mr. Shannon's sufficiency of the evidence grounds.

### 3. Excessive Sanction

Finally, Mr. Shannon contends the 180-day loss of earned time credits was excessive. The charge, possessing (or using) a cellular phone while in a prison facility, is a Class A offense in the IDOC Adult Disciplinary system, which is punishable by the loss of up to 180 days of earned credits. https://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Thus Mr. Shannon's sanction, while the maximum allowed, was nevertheless within the permitted

range of punishment. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). The punishment is not grossly disproportionate to the offense.

Habeas corpus relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Shannon to the relief he seeks. Accordingly, Mark A. Shannon's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Order shall now issue.

Finally, the Court takes judicial notice that Mr. Shannon is currently being confined in a correctional facility in Kentucky. The **clerk is directed** to update the docket to reflect Mr. Shannon's address as shown in the distribution list below.

**IT IS SO ORDERED.**

Date: 6/8/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Mark Shannon
140469
Bell County Forestry Camp
560 Correctional Drive
Pineville, KY  40977

Electronically Registered Counsel